## COMMONWEALTH *vs.* THOMAS POWERS & others.

Exceptions to a ruling that defendants, jointly indicted and tried, cannot be defended by separate counsel, cannot be maintained if not taken till after verdict.

INDICTMENT of Thomas Powers, Alonzo Jellison, John Keating and Thomas Kennedy, for larceny from the person of William Alrite. At the arraignment of the defendants in the superior court in Suffolk before *Lord*, J., the judge announced " that in cases where several parties were joined in one indictment, and the defence was the same, it would be regarded as a single trial; that if a large number of defendants, say fifteen or twenty, were joined in an indictment for riot or other crime, it would not be allowed that each one should have separate counsel, each counsel to make an opening, and each to examine the witnesses and make a closing argument, thereby making several trials upon an indictment for a joint offence; but that it would be regarded as a single trial, and only one of the counsel should examine the witnesses and make an opening statement, and only one make a closing argument; but that, if it should appear that the several defences were in any manner inconsistent, or for any cause a separate trial was necessary, the same would be allowed."

Each of the defendants thereupon moved for a separate trial; and a separate trial was allowed to Keating, but denied to the other defendants. At the trial of the others, the judge stated " that, if at any time during the trial it should seem that there was any danger of prejudice to either party by a joint trial, such party would be allowed a separate one." No subsequent motion was made for a separate trial by either party, and no suggestion that either was in the least prejudiced by a joint trial.

Under these rulings the counsel for the defendants proceeded with the trial, one counsel conducting the examination of the witnesses and the other presenting the case to the jury.

Kennedy was acquitted, with the consent of the district attorney, before the others were put upon their defence. The jury returned a verdict of guilty against Powers, and acquitted Jelli-

son; and Powers alleged exceptions, which the judge allowed "so far as the party is entitled to the same after having submitted to the ruling and trying the case under and in accordance with it."

*J. F. Clark*, for Powers.

*J. C. Davis*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

GRAY, J. The bill of exceptions states that no suggestion was made that either of the defendants was prejudiced by a joint trial. The question whether the defendants should be tried separately or jointly was within the discretion of the presiding judge, and not a subject of exception. *United States* v. *Marchant*, 12 Wheat. 480. *Commonwealth* v. *Robinson*, 1 Gray, 555. The point, taken at the argument, that each of the defendants should have been allowed to be represented throughout by separate counsel, does not appear to have been made at the trial, and is not therefore now open to the defendants. For aught that appears upon the bill of exceptions, the direction of the court as to the conduct of the trial in this respect was deemed convenient by all concerned, until the verdict had been rendered.

*Exceptions overruled.*