UNITED STATES v. MUNDAY et al.

(District Court, W. D. Washington, N. D. January 26, 1914.)

No. 1921.

1. INDICTMENT AND INFORMATION (§ 17*)—WHAT CONSTITUTES.
 An "indictment" is a criminal charge returned under the solemnity of an oath by a grand jury, charging a person with a violation of law.
 [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 89, 92; Dec. Dig. § 17.*
 For other definitions, see Words and Phrases, vol. 4, pp. 3551–3555.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. INDICTMENT AND INFORMATION (§ 159\*)—AMENDMENT.**

There is no statutory authority for the amendment of an indictment returned by a federal grand jury.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 505–514; Dec. Dig. § 159.\*]

**3. INDICTMENT AND INFORMATION (§ 159\*)—ALLEGATIONS—"ABANDONMENT"— "AMENDMENT."**

On trial of an indictment for conspiracy to defraud the United States by illegally obtaining title to coal land in Alaska, the government in open court "abandoned for all time" the charge in the indictment of the foreign or alien character of the certain corporation alleged to have entered the land, whereupon the court sustained an objection to the indictment, and the case was appealed to the Supreme Court, where the order was reversed. *Held*, that since the word "abandon" means a giving up, total desertion, absolute relinquishment, and an "abandonment" is the relinquishment of a right, the giving up of something to which one is entitled, while "amendment" means a change or modification to better an allegation by removing that which is erroneous, corrupt, or superfluous, or by substituting something in the place of what is removed, the abandonment of such allegation did not constitute an amendment, nor a material alteration of the indictment by elimination, so as to invalidate it, but changed the proof to be offered (citing 1 Words and Phrases, 4, 369).

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig.· §§ 505–514; Dec. Dig. § 159.\*

For other definitions, see Words and Phrases, vol. 1, pp. 4–13; vol. 8, p. 7559; vol. 1, pp. 368–370; vol. 8, pp. 7573, 7574.]

Charles F. Munday and another were indicted for conspiracy to defraud the United States by illegally obtaining title to 40 contiguous tracts of coal land in the District of Alaska, aggregating 6,087 acres collectively, known as the Stracey Group, and averred to be of the value of $10,000,000. On objection to indictment. Overruled.

See, also, 222 U. S. 175, 32 Sup. Ct. 53, 56 L. Ed. 149; 186 Fed. 375.

After opening statements of counsel had been made to the jury and a witness called on behalf of the government, the defendants interposed the following objection:

"Mr. Dorr: If your honor please, at this time the defendants Charles F. Munday and Archie W. Shiels, and each of them, do now object to the introduction of any evidence by or on behalf of the United States, and do now move the court to direct the jury now impaneled to return a verdict in favor of the said defendants, upon the following grounds: It affirmatively appears from the record in this cause that at the instance of counsel for the United States, and with the consent of the court, the indictment as returned by the grand jury has been materially altered by the elimination of a portion of the body of the charging part thereof, to wit, the charge in the indictment of the foreign or alien character of the Pacific Coal & Oil Company as an element of the crime sought to be charged in the indictment, the effect of which was to destroy the indictment, and there is no indictment of any grand jury now before this court in this case.

"This motion is based upon the constitutional rights of said defendants, and each of them, to be held to answer only to the indictment by presentment of the grand jury, as guaranteed by the fifth amendment to the Constitution of the United States and as interpreted by the Supreme Court of the United States."

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bert D. Townsend, Asst. Atty. Gen., and Clay Allen, U. S. Dist. Attorney, of Seattle, Wash.

Dorr & Hadley, Tucker & Hyland and Walter S. Fulton, all of Seattle, Wash., for defendants.

NETERER, District Judge (orally). This objection I think must be overruled.

[1, 2] An "indictment" is a criminal charge returned under the solemnity of an oath by a grand jury charging a person with a violation of law. There is no act of Congress authorizing amendments to an indictment. The fifth amendment to the Constitution provides that no person shall be prosecuted for an offense, for an infamous crime, except upon indictment.

[3] When this case was first called for trial several years ago, and the government had made its opening statement to the jury and introduced a witness, the defense objected to the introduction of any evidence on the ground that the indictment is insufficient to support a verdict adverse to the defendants. Judge Hanford in an elaborate opinion overruled the objection on the ground that the Pacific Coal & Oil Company was a foreign corporation, and hence not entitled to enter coal land, and therefore the indictment was good. Thereupon a stipulation was entered into, and, using the language of Judge Hanford:

"After the presentment by the court of its decision and ruling on objection to the introduction of evidence as indicated in the foregoing opinion, in order to facilitate a review of the decision by the Supreme Court, the trial was terminated, pursuant to a stipulation by and between counsel for the government and counsel for the several defendants, by the following proceedings: 'The government does now and here abandon for all time the charge in the indictment of the foreign or alien character of the Pacific Coal & Oil Company, as an element of the crime sought to be charged in the indictment.' "

The objection was then renewed and sustained. The cause then went to the Supreme Court of the United States on a writ of error, and the same record that is now before this court, and the decision was reversed and the indictment returned here for trial.

Objection is now made to the reception of any evidence, on the ground that the indictment is insufficient, and likewise that the indictment as returned by the grand jury has been materially altered by the elimination of a portion of the body of the charging part thereof, to wit, the charge in the indictment of the foreign or alien character of the Pacific Coal & Oil Company as an element of the crime sought to be charged in the indictment, the effect of which was to destroy the indictment, and there is no indictment of any grand jury now before this court in this case; and this violates the constitutional rights of the defendants under the fifth amendment to the Constitution. The abandonment on the part of the government of the foreign or alien character of the Pacific Coal & Oil Company, charged in the indictment, it is alleged, operates as an amendment, and so emasculates the indictment as to destroy its vitality.

I am satisfied that what was done at the time was not considered by any of the parties as an amendment of the indictment. If it had been considered as an amendment and its vitality thereby destroyed, the

defendants would not have responded to the writ of error in the way they did, nor would the proceedings have been taken in this case after judgment of dismissal by Judge Hanford that the record discloses. This entire record was before the Supreme Court. The court has read this same record. It is said, on argument, that the question was not raised by counsel for the defendants, that the court's attention was not called to the point now raised. It suffices to say that the same question that is now raised was raised by the record itself. A mere reading of the record discloses the condition of it, and the Supreme Court would not have entered a judgment which would not be supported by an indictment. The motion to quash was made after the government announced its abandonment, so that the same condition existed prior to this case leaving this court upon the writ of error to the Supreme Court as exists now. 222 U. S. 175, 32 Sup. Ct. 53, 56 L. Ed. 149. The Supreme Court, in my judgment, when this matter was suggested to it from a reading of the record, concluded immediately that the indictment had never been amended and that what was done at the former trial did not emasculate the indictment so as to destroy its vitality. There is no act of the government's attorneys or order of the court, which changes the dot of an "i" or the cross of a "t" in the indictment. It is before this court just as it came from the grand jury. The announcement by the government that it abandons the foreign or alien character of the Pacific Coal & Oil Company as an element of the crime does not take from the indictment any words, phrases, or sentences. There is no change. There is no correction made or authorized, nor is any directed by the court's order.

The Standard Dictionary says, "abandonment" means "to give up," "to desert," "to quit." Webster's Unabridged Dictionary says, "Abandonment" means "to give up absolutely," "to forsake entirely," "to renounce utterly," "to desert," "to quit," "to surrender."

"The word 'abandon' means a giving up, a total desertion, an absolute relinquishment." 1 Words and Phrases, 4.

"'Abandonment' is the relinquishment of a right; the giving up of something to which one is entitled." 1 Words and Phrases, 4; Dikes v. Miller, 24 Tex. 417.

The Standard Dictionary says "amendment" means "to change, by a freeing from faults, to correct, to reform." Webster's Unabridged Dictionary says:

"To change or modify in any way for the better (a) by simply removing what is erroneous, corrupt or superfluous, faulty and the like; (b) by substituting something else in the place of what is removed."

Bouvier's Law Dictionary says:

"The change of something proposed in a bill or what is law."

"The amendment of a pleading implies an improvement of it, the making of the pleading better as a pleading, the making good of that which before was defective in its form or statement, or in making better the issues presented between the same parties." 1 Words and Phrases, 369; Billings v. Baker, 6 Abb. Prac. (N. Y.) 213, 216.

It is clear to me that to "amend" means much more than "abandonment." It means to abandon a position and to carry the intention into

effect by a change in the indictment so as to conform to the changed position. An amendment has operation as from the beginning and relates back to the inception of the action, while abandonment simply pertains to the future. Suppose a person would execute a promissory note with various conditions and provisions, and the holder of the promissory note would strike out some part of the note, or change it in some way. Its vitality is immediately destroyed. And so with an indictment, where a change is made. Neither would be the instrument of the maker, and it could not be enforced against the maker of the note or the defendants in the indictment. But suppose the holder of the promissory note should institute an action and there were some provisions in the note that he did not care to insist on, and the holder announced in open court, "I waive absolutely and forever abandon any claim with relation to certain of the conditions." That would not change the note nor deprive it of its validity. So in this case the abandonment of some of the recitations in the indictment does not change the indictment, but it changes the proof which is offered.

The effect of an abandonment can only have operation as, what is known in law, as a nolle prosequi, and this is amply sustained by the decisions. Jennings v. Commonwealth, 105 Mass. 586; Commonwealth v. Powers, 109 Mass. 353; Commonwealth v. Tuck, 20 Pick. (Mass.) 356; State v. McPherson, 9 Iowa, 53; Mills v State, 52 Ind. 187; 12 Cyc. 376. All of the authorities which are obtained, bearing upon that relation, sustain the view expressed.

I have endeavored to approach the issue that is now presented from every possible viewpoint, and to apply to it every legal principle that is involved and known to me, and all of the suggestions that have been made by counsel upon the argument, and the conclusion is always the same. In my opinion the conclusion is supported by law and sound reason, common sense and good conscience.

You may note an exception for each of the defendants.

Note.—On trial before a jury, both defendants were acquitted.