THE STATE v. GEORGE HOYT, ALIAS JOHN ALLEN, ALIAS JOHN MAHONEY, ALIAS JOHN J. MALONEY, Appellant.—24 S. W. (2d) 981.

Division Two, February 19, 1930.

*Walter W. Calvin* for appellant.

*Stratton Shartel,* Attorney-General, and *Henry Depping,* Assistant Attorney-General, for respondent.

WALKER, J.—The appellant was charged by indictment in the Circuit Court of Jackson County with robbery in the first degree. Incorporated in this indictment are several averments of former convictions of felonies in other jurisdictions, for which it is sought to punish the appellant under the Habitual Criminal Act.

The averments of these former convictions, in addition to the charge of robbery in the first degree, under Section 3307, Revised Statutes 1919, were as follows:

(1) That defendant had been sentenced to two years and six months' imprisonment in the State Penitentiary in California under a charge of robbery, had served his sentence and was discharged from that institution; (2) that defendant had been sentenced to six months

in the county jail of Jackson County, Missouri, had served his sentence and was duly and legally discharged; (3) that defendant was sentenced to two years' imprisonment in the Missouri Penitentiary from Livingston County under a charge of possession of burglary tools, had served his sentence and was discharged; (4) that defendant was sentenced to ten years in the United States Penitentiary at Atlanta, Georgia, under a charge of a conspiracy and violation of the Interstate Commerce laws, had served his sentence and was discharged. Appellant filed a motion to strike out the 1st, 2nd and 4th of these averments, which the trial court sustained as to the 1st and 2nd, but overruled as to the 4th. Upon a trial to a jury the appellant was convicted and sentenced to seventeen years' imprisonment in the penitentiary. From this judgment he appeals to this court.

The assignments of error on which the appellant relies to reverse this case are as follows:

(1) That the action of the trial court in striking out on the motion of the appellant the averment of his former conviction of a felony in the State of California and in striking out the averment of his conviction and sentence to imprisonment in a county jail in Jackson County, rendered the indictment a nullity.

(2) That the appellant's conviction cannot be sustained because he was encouraged and incited by the officers of the law to commit the crime with which he is charged.

(3) That under the law the facts disclosed in the testimony do not warrant the conviction of the appellant.

I. As to the first assignment, the contention of the appellant is, in effect, that the striking out of portions of the indictment at his instance and on his motion on the ground that the portions stricken out do not charge such former convictions as will bring the appellant within the purview of the Habitual Criminal Act and despite the fact that the crime for which he is on trial was properly charged and the other averments were sufficient, if proved, to subject him to punishment under the Habitual Criminal Act, that by reason of the court's action in sustaining the appellant's motion the indictment becomes a nullity and the court loses its jurisdiction to try him for the principal charge and assess his punishment under other averments which properly subject him to the provisions of the Habitual Criminal Act. The gist of this contention is simply that an immaterial change made by a trial court in an indictment upon the motion of the appellant, on the ground of the insufficiency of the matter stricken out, leaving a charge otherwise not subject to objection will nullify such charge. The following cases are cited in support of this contention: Ex parte Bain, 121 U. S. 1, 30 L. Ed. 849; Dodge v. United States, 258 Fed. 300; Stewart v.

United States, 12 Fed. (2d) 524; Garrett v. United States, 17 Fed. (2d) 479.

It may be conceded that an indictment under Federal authority as at common law, after it has been returned by a grand jury, is inviolable. That rule, however, has never obtained in this jurisdiction, nor in any of the other states with whose rulings we are familiar. In many states express statutory provisions are found authorizing amendments as to the form or substance of indictments where the same may be made without prejudice to the defendant. We have no statute in this language, but tantamount thereto is the provision in our criminal statute of jeofails, Section 3908, Revised Statutes 1919, to the effect that no indictment shall be held insufficient "for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and the person charged." While specific reasons are pleaded by the appellant in his motion to strike out portions of the indictment, the substance of or the conclusion to be drawn from these reasons is that the parts sought to be stricken do not state facts which, if shown, will subject the appellant to punishment under the Habitual Criminal Act, or in short, that they are surplusage. Thus classified it was immaterial whether they were stricken out by the court or ignored as they might have been at the trial.

In any event, the appellant, without considering the fact that the parts of the indictment were stricken out on his motion, has suffered no prejudice and will not in this behalf be heard to complain. This is especially true where, as at bar, the parts of the indictment not stricken out not only correctly charge the principal offense but, in addition, plead former convictions which authorize a sentence under the Habitual Criminal Act.

II. Appellant contends that his conviction should not be affirmed on the ground that he was encouraged and incited by officers of the law to participate in the offense of which he was convicted. The facts in the case do not sustain the appellant in this contention. They are that certain representatives of a jewelry company in Kansas City, learning that an effort would be made to rob a diamond salesman who was scheduled to visit their store soon thereafter, employed a detective, named Nichols, to visit their place of business carrying a jewelry case, to impersonate such a salesman. It does not appear that the identity of the proposed robbers was then known. The detective visited the store as directed to afford opportunities for the robbery. No one appeared and he departed carrying the jewelry case. When several blocks distant from the jewelry store he was accosted by two men, who covered him with pistols and commanded him to get into a car which they had in waiting, saying: "We know who you are;

get into this car and lie down.'' This he did and some shooting occurred, presumably (but not shown by the facts) between the robbers and the police. In this melee Nichols was shot in the arm. Those in charge of the car then fled with Nichols to Rosedale, Kansas, where he was ordered out of the car and the jewelry case taken from him.

Appellant was subsequently arrested and identified as one of the men who robbed Nichols. There is nothing in this testimony to show that officers of the law conceived or planned to lure the appellant to commit the robbery. His act was committed after the contemplated plan of the robbers, as reported to the jewelry store, had failed. There is nothing to show that appellant's identity as one of those who planned to commit the crime was known, either to the officers or the representatives of the jewelry store. The criminal intent therefore to commit the crime must have originated in the mind of the appellant and hence his contention is without foundation. Numerous cases sustain this conclusion. [State v. Decker, 14 S. W. (2d) 618; State v. Sheeler, 7 S. W. (2d) 340; State v. Murphy, 6 S. W. (2d) 877.]

There being no evidence to sustain the contention that the appellant was. influenced or entrapped to commit the crime and the essential facts to constitute robbery having been shown, with the attendant proof of his former convictions, the verdict rendered against him was not erroneous. No other contentions are made which are entitled to consideration.

The judgment, therefore, should be affirmed. *Blair, P. J.*, concurs, and also concurs in separate concurring opinion of *White, J.; White, J.*, concurs in the separate opinion.

WHITE, J. (concurring).—The defendant, after his arraignment and plea, moved to strike out portions of the indictment, which alleged that the defendant had served a sentence in the county jail in Jackson County for a misdemeanor, also that he had served a term of ten years in the United States penitentiary at Atlanta, Georgia, upon a charge of conspiracy in violation of the Interstate Commerce laws. The court sustained that motion, and proceeded to trial upon the indictment as it then stood, charging the defendant with robbery in the first degree, and stating that the defendant was sentenced and duly served a term of two years in the State penitentiary of Missouri under the charge of possession of burglar's tools.

The claim is that the striking out by the court of portions of the indictment rendered the same a nullity, and deprived the court of jurisdiction to proceed further with the trial. In support of that position appellant cites cases from the Federal courts, quoting the following passage from the case of Dodge v. United States, 258 Fed. 300: ''The rule is almost universally recognized, both in this country and in England, that an indictment cannot be amended by the court,

and that an attempt to do so is fatal to a verdict upon the count.''
No doubt it is the rule in the Federal courts that an indictment can-
not be amended by the court. An amendment can be made only by
consent and concurrence of ·the grand jury. [Stewart v. District
Court, 16 Fed. (2d) 863.] In that case it was held by the Circuit
Court of Appeals that the attempt by the district court to amend
the indictment by striking out portions did not destroy it; that the
district court could rescind its order striking out and defendant could
go to trial upon the indictment as returned by the grand jury.

The reason for ruling that an indictment cannot be amended is
that a defendant has a right to be tried upon the indictment as the
grand jury returns it. To amend it in any particular would be to
bring him to trial on an indictment different from that returned by
the grand jury. There is no statute by Congress authorizing a court
to amend an indictment in form or substance, but in most of the
states there are statutes which authorize an amendment of an in-
dictment as to matters of form. [See in 7 A. L. R. 1516 to 1557, long
annotations citing numerous cases.] It is held in nearly every state
that an indictment may be amended as to names, dates, ownership
of property, or other defects of *form*. ·Often such amendments are
allowed, though no statute provides for it.

In this State no statute permits the court to amend an indictment.
In the present case, was it an amendment to permit the court to strike
out the allegations mentioned? It has been held in several instances
that matters defectively charging a crime, or matters which are not
relevant to the crime charged are surplusage and to be *disregarded*.
[State v. Lawler, 220 Mo. 1. c. 33; State v. Adams, 300 S. W. 738,
1. c. 742.] Under Section 3908, Revised Statutes 1919, an indictment
shall not be deemed invalid ''for any surplusage or repugnant allega-
tion, when there is sufficient matter alleged to indicate the crime and
person charged.'' If the defendant had gone to trial upon the in-
dictment as it stood, containing the matter which was irrelevant, it
would not have been a ground for a reversal under that statute, be-
cause, in addition to the superfluous matters, there was a perfect and
complete charge of the crime on which the defendant was tried.

In United States v. Munday, 211 Fed. 536, a statement by the
prosecutor in open court was entered of record to this effect: ''The
Government does now and here abandon for all time the charge in
the indictment of the foreign or alien character of the Pacific Coal &
Oil Company, as an element of the crime sought to be charged in
the indictment'' (1. c. 538). The court held that such an abandon-
ment was not an amendment of the indictment. If it was not error
as held by that court to *abandon* such superfluous allegations, how
can it be error to strike them out? If to amend in matters of form
is not an amendment of the charge, how can striking out matters on

which evidence may not be admitted be called an amendment? If the case had gone to trial with those allegations in, the defendant's remedy would have been ample by objecting to evidence upon them, and the trial would have proceeded as if they were not in.

In Indiana, in case of Good v. State, 61 Ind. 69 (which apparently arose before there was any statute permitting amendments), the indictment contained an improper charge against the defendant, without which it was sufficient. The defendant moved to quash the indictment. The motion was overruled; the court held that the ruling was not error, and said, l. c. 71: "The indictment contained a valid, legal and sufficient charge of grand larceny against the appellant, and, therefore, his motion to quash the entire indictment was properly overruled. If, however, he had moved the court to quash only so much of the indictment as charged in his former trial and conviction of petit larceny, we have no doubt that the court would have sustained his motion, and the decision would have been right and proper." There we have the Supreme Court of Indiana approving exactly the same ruling that was made by the trial court here.

It was held by this court in State v. Schricker, 29 Mo. 265, that where the defendant was indicted under the wrong name and pleaded the misnomer, the court permitted the true name to be entered upon the minutes and the trial to proceed upon the indictment. It was held not erroneous.

The Statute of Jeofails, Section 3908, provides that no indictment shall be deemed invalid for any other defect or imperfection, which does not tend to the prejudice of the substantial rights of the defendant upon the merits. That, it is held, means a defect or imperfection similar to those enumerated before. The defect here is very similar in kind to the provision that an indictment shall not be held bad for any surplusage. That stricken out here was surplusage. Its presence in the indictment under this section would not make the indictment invalid, and then the court's action in striking it out could not make it invalid. The indictment was perfectly good without it, whether those allegations were in or out of it.

It is for the court, and not for the grand jury, to determine whether an indictment states an offense. It is for the court to determine what allegations of the indictment are sufficient to constitute a charge of crime. If the court determines that an indictment charges a crime sufficiently with certain parts of its allegations, and that the other parts of the indictment charge no facts which are an element of the offense, then what difference does it make to the defendant or to the grand jury whether the court, in trying the case, *disregards* the surplus matter or *strikes it out?* The grand jury intended to charge a crime, which the court holds is sufficiently charged without the redundant matter which the grand jury puts into the charge, and the defendant is in exactly the same fix whether such surplus matter is

stricken out or remains in. It is argued that the grand jury might not have returned the indictment except for that redundant matter. But the offense charged in this case has nothing to do with that redundant matter. The indictment was brought under the habitual-criminal statute; the grand jury could not have indicted the defendant unless they had found him guilty of robbery, the offense charged. The matter stricken out was no part of that offense, but merely matters that would determine the degree of his punishment.

In McCorkle v. State, 14 Ind. 39, the defendant moved to quash the indictment on account of the date at which the offense was alleged. It seems that the date was of the essence of the offense. The State proposed to return the indictment to the grand jury for correction. In order to obviate that necessity, the defendant withdrew his motion to quash and consented to a correction in open court of a mistake in the date, and to an entry of record to that effect; he waived all objections and pleaded not guilty. Later he moved to quash the indictment on account of that correction. The court held that the motion was properly overruled.

The part stricken out was on the motion of the defendant. If that was error, the defendant cannot complain, because Section 3908 provides that the indictment shall not be deemed invalid for any error committed at the instance or in favor of the defendant.

The indictment cannot be held by us to be a nullity. It could only be so held when an attack is made for the first time here if it charges no offense. It sufficiently charges an offense with the matter stricken out. If the indictment was defective or mutilated and not as it appeared as it came from the grand jury, it was for the defendant to bring it to the attention of the trial court. All defects in an indictment, which might formerly have been raised by a motion in arrest, abolished by the Act of 1925, must now be raised by a motion for new trial.

What occurred at the trial was this:

The defendant objected to the reading by the prosecutor of those parts of the indictment stricken out and also another passage not stricken out. The prosecutor then read to the jury only those parts not objected to. Defendant did not at any time in any manner object to the sufficiency of the indictment as it then stood and as it was read. It was not mentioned in the motion for new trial.

Section 3908a (Laws 1925, p. 195) provides that when an indictment shall be held insufficient as to form or substance, an information charging the same offense charged or attempted to be charged in such indictment may be substituted therefor. That does not reach a case like this, where the indictment was *not* held to be insufficient, nor claimed to be insufficient. An information could not have been filed. The court pursued the only course it could pursue.

Where is any error of which defendant can complain?

Not the striking out of parts, for he induced it.

Not in any defect in it as it stood, for it perfectly alleged the crime for which he was tried.

Not for failure to contain the charge which the grand jury made, because the matter stricken out was irrelevant, or so claimed by defendant.

The change was an advantage to him and he so treated it. He permitted the trial to go through to verdict and appeal to this court. He cannot now be heard to say that the trial court erred in giving him the advantage which he sought.

This court can only affirm the judgment. *Blair, P. J.,* concurs; *Walker, J.,* absent.