**STATE of Missouri, Respondent,**

**v.**

**Bert J. HOLBERT, Appellant.**

**No. 31922.**

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1966.

Rader & Love, Edwin Rader, Chester A. Love, Clayton, for appellant.

Lawrence J. Lee, Pros. Atty., Curtis C. Crawford, Sp. Asst. Atty. Gen., St. Louis, for respondent.

DOERNER, Commissioner.

This is an appeal by defendant from a conviction for violating Section 338.010, RSMo 1959, V.A.M.S., which makes it unlawful for one not a licensed pharmacist to dispense or sell drugs prescribed by a physician. Defendant was represented in the trial by counsel of his own choice but he has filed no brief in this court, and in that situation we will review all assignments of error properly raised in defendant's motion for a new trial and those matters specified in Supreme Court Rules 28.02 and 28.08, V.A.M.R. State v. Johnson, Mo., 394 S.W. 2d 344.

The pertinent part of Section 338.010, RSMo 1959, V.A.M.S., provides:

"It shall be unlawful for any person not licensed as a pharmacist within the meaning of sections 338.010 to 338.190 to compound, dispense or sell at retail any drug, chemical, poison or pharmaceutical preparation upon the prescription of a physician, or otherwise, or to compound physicians' prescriptions, except as an aid to or under the direct supervision of a person licensed as a pharmacist under sections 338.010 to 338.190. * * *"

The initiation of the prosecution in this case was somewhat unusual in that the charge against the defendant was in the form of an indictment returned by the grand jury of the City of St. Louis, although a violation of Section 338.010 is only a misdemeanor. Section 338.190. However, in accordance with Supreme Court Rule 21.02, V.A.M.R., the indictment was transmitted to the St. Louis Court of Criminal Correction, in which jurisdiction to try misdemeanors is vested.

As returned by the grand jury the indictment alleged that the defendant:

"* * * on the 7th day of July, one thousand nine hundred and sixty-two, at the City of St. Louis aforesaid, was a drug store owner, doing business as the West End Pharmacy, 6107 Theodosia Avenue, City of St. Louis, and was not a licensed pharmacist; that the aforesaid Bert J. Holbert did unlawfully and feloniously dispense and sell at retail prices two ounces of the drug, Amphetamine Hydrochloride, to AMY IRMA BUTLER for ten dollars, in legal currency of the United States of America, upon the prescription of the physician, WILLIAM C. BRIDGES, under prescription number 29609."

When the case was called for trial defendant filed a motion to quash the indictment on the ground that the exceptions mentioned in the statute ("except as an aid to or under the direct supervision of a person licensed as a pharmacist") were not negatived in the indictment. The Assistant Circuit Attorney whom the Attorney General had appointed as Special Assistant Attorney General to aid in the prosecution of the case, Section 27.-030, RSMo 1959, V.A.M.S., thereupon asked the court for leave to amend the indictment. Leave was granted over defendant's objection, and the Special Assistant Attorney General then amended the indictment by writing in, after the number 29609, the words, "and that said sale was not made as an aid to or under the supervision of a licensed pharmacist." The court thereupon overruled defendant's motion to quash, overruled his subsequent oral motion for a continuance, and the case proceeded on through the selection of the jury and the remainder of the trial.

Defendant's first two assignments in his motion for a new trial are that the court erred in overruling his motion to quash; and that the court erred in permitting the State to amend the indictment. It would seem logical to consider these in their inverse order, for it is obvious that if it was

permissible to amend the indictment the addition which was made thereto amply sufficed to supply the alleged deficiency.

■ When leave to amend was requested the court remarked that he thought that under the rules the State might amend the indictment. No specific rule was cited, and we find no statute or rule to that effect. It may be that the court had in mind Supreme Court Rule 24.02, V.A.M.R., which reads:

"The court may permit an information to be amended or an information to be substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

Manifestly, that rule furnishes no authority for the amendment of an indictment for by its terms it plainly restricts amendments to informations. In fact, under the doctrine of expressio unius est exclusio alterius it might be argued that the authority granted to substitute an information for a defective indictment excluded any other method, including that of amendment, of correcting the deficiency. For the very purpose of Rule 24.02, V.A.M.R., as was true of Section 545.300, RSMo 1959, V.A.M.S., which it superseded, " * * * is to authorize the filing of an information in cases where the trial court finds the indictment insufficient, * * *" State v. Mandell, 353 Mo. 502, 183 S.W.2d 59, 60; or where, we may add, the validity of the indictment is questionable. State v. Elgin, Mo., 391 S.W.2d 341. And as the cases indicate, the established practice is to substitute an information for a questionable or defective indictment. State v. Elgin, supra; State v. King, Mo., 380 S.W.2d 370, cert. den., 379 U.S. 979, 85 S.Ct. 681, 13 L.Ed.2d 569.

■ At common law it was a well settled rule that while an information could be amended by leave of court, an indictment could not. The difference between the two, and the reason why no amendment of an indictment was permitted, was stated by Lord Mansfield in Rex v. Wilkes, 4 Burr. 2527, 2569, 98 Eng.Rep.Reprint 351, as follows:

"There is a great difference between amending indictments and amending informations. Indictments are found upon the oaths of a jury; and ought only to be amended by themselves: but informations are as declarations in the King's suit. An officer of the Crown has the right of framing them originally; and may, with leave, amend, in like manner as any plaintiff may do."

The principle that an indictment could not be amended by the court or the prosecution but only by the grand jury which had returned it, was adopted in the landmark case of Ex Parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849. While the application of the principle has been somewhat restricted by later cases which permit the court to disregard surplusage, Ford v. U. S., 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793, and while there is some authority to the contrary, at least as to matters of form, the generally accepted rule is that in the absence of an enabling statute or rule a court has no authority to make or permit any amendment of an indictment. United States v. Norris, 281 U.S. 619, 50 S.Ct. 424, 74 L.Ed. 1076; Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240; Commonwealth v. Snow, 269 Mass. 598, 169 N.E. 542, 68 A.L.R. 920; 42 C.J.S. Indictments and Informations § 230, p. 1239; 27 Amer.Jur., Indictments and Informations, Sec. 116, p. 675. Since there is no statute or rule in Missouri which authorizes the court to make or allow any amendment of an indictment it follows that the court erred in the instant case in permitting the State to do so.

■ We turn, then, to the defendant's contention that the indictment as returned by the grand jury was defective in that it failed to negative the exceptions contained in Section 338.010, RSMo 1959, V.A.M.S. In the oft-cited case of State v. DeGroat,

259 Mo. 364, 375, 168 S.W. 702, the general rule regarding the necessity for negativing exceptions was stated as follows:

"The general rule as to the contents of an indictment which charges an offense, to which there are exceptions negativing guilt, is, that all such exceptions must be pleaded in the indictment when they occur as parts of the statutory definition of the offense, in all cases where if such exceptions be omitted, the offense cannot be accurately described. (State v. Meek, 70 Mo. 355; State v. Bockstruck, 136 Mo. [335] l. c. 351 [38 S.W. 317]; 1 R.C.L. 80; State v. Casto, 231 Mo. 398 [132 S.W. 1115]; State v. Longstreth, 19 N.D. 268 [121 N.W. 1114]; State v. Wells, 35 Utah 400 [100 Pac. 681]. But where such exceptions are not a part of the statutory definition of the crime, where they are contained in distinct and independent clauses of the statute, or in separate sections, it is not usually necessary either to plead them or to prove them. Such exceptions are pure matters of affirmative defense. State v. O'Brien, 74 Mo. 549; State v. Doerring, 194 Mo. 398 [92 S.W. 489]."

As an example of a proviso which it is not necessary to negative although contained in the same section as that creating the offense, see State v. Brown, 306 Mo. 532, 267 S.W. 864. In the instant case Section 338.-010 does not declare every dispensation or sale by a person not licensed as a pharmacist of a drug prescribed by a physician to be an offense; but does so only when such unlicensed person is not acting as an aid to or under the direct supervision of a licensed pharmacist. In short, the exceptions must be negatived because they form a part of the statutory definition of the offense, and if they are omitted the offense cannot be accurately described. State v. DeGroat, supra; 42 C.J.S. Indictments and Informations § 140, p. 1043. The defendant's motion to quash should, therefore, have been sustained, and in failing to do so the court erred.

The views we have expressed regarding the defendant's first two assignments makes it unnecessary to consider the remainder.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is reversed and the cause remanded.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.