Vincent Kenneth CAVALLARO, Appellant,

v.

STATE of Missouri, Respondent.

No. 55819.

Supreme Court of Missouri,
Division No. 1.

April 12, 1971.

Pohlmann & Dieckman, Lloyd F. Dieckman, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Proceeding under Supreme Court Rule 27.26, V.A.M.R., for relief from consecutive sentences of life for murder in the first degree and thirty-five years for murder in the second degree, imposed by the Jackson County Circuit Court on pleas of guilty. Trial court, after hearing, denied relief.

On December 4, 1968, appellant, Vincent Kenneth Cavallaro, was arrested by detectives in Kansas City for murder and assault. He was indicted on two charges of murder in the first degree. On May 5, 1969, he appeared in the Jackson County Circuit Court with his attorney, Mr. J. A. Hill of the Public Defender's Office, and entered a plea of guilty to one charge of murder in the first degree for which he was sentenced to life imprisonment and a charge of murder in the second degree for which he was sentenced to thirty-five years' imprisonment, consecutive with the life sentence.

A motion to set aside the conviction was filed in the Jackson County Circuit Court. Counsel was appointed for movant and an evidentiary hearing held. The trial court rejected appellant's claim and denied relief.

On this appeal, appellant contends that his pleas of guilty were involuntary, and not made with understanding of the consequences, that he was denied effective assistance of counsel and that there was no jurisdiction for imposition of the second degree murder conviction because no information charging that offense had been filed at the time of his plea and sentencing.

On the first point, appellant contends that the evidence showed that his thinking process was impaired at the time of his pleas by drugs which were administered to him while in the Jackson County jail.

Because he was considered an escape risk (movant was an escapee from a North Carolina prison at the time of his arrest), movant was placed in a single cell at the Jackson County jail. He objected to this and on April 1, 1969, created a disturbance in the jail. He was subdued by deputy sheriffs using mace and a dosage of prolixin was injected in him by the jail doctor while movant was restrained by deputy sheriffs. On April 2 and 3, cogentin was injected to offset the effects of the prolixin. Until April 15, movant received the same medication orally. Thereafter, movant received one hundred milligrams of mellaril concentrate daily.

Movant testified at the hearing on his motion that he was under the influence of the medication at the time he pleaded guilty. "I was in such a passive state and

such an emotional cripple, that I don't believe I was capable of fully understanding what I was doing."

The nurse at the Jackson County jail clinic testified that movant did receive the medication as he claimed. She testified that prolixin "slows the thinking, but it is not to impair the thinking." She described mellaril as a tranquilizer, which likewise slowed the thinking process but did not impair it. She said that the dosage of mellaril movant received was "very mild."

At the time of his plea the judge asked movant whether or not he was under the influence of drugs and he replied negatively. Mr. Hill talked with movant at length on the day of the pleas and stated that movant did not appear to have been under the influence of drugs. The responses of movant to the inquiries of the judge on the acceptance of the pleas did not indicate any lack of mental capacity.

On the basis of this evidence, the trial court found that movant was not under the influence of drugs when he entered his plea; that he was taking a mild drug in mild doses which had no effect on his ability to think or make decisions.

The evidence at the hearing afforded a proper basis for the finding of the trial judge on this issue. His finding on the issue is not clearly erroneous and, therefore, should be affirmed. Supreme Court Rule 27.26(j), V.A.M.R.; Crosswhite v. State, Mo.Sup., 426 S.W.2d 67; State v. Mountjoy, Mo.Sup., 420 S.W.2d 316.

█ The contention that the plea was not understandingly made is based on the contention that movant was not aware of the punishment for first and second degree murder until after he had announced that he would plead guilty to those offenses. The record of the pleas clearly shows that movant was advised of the range of punishment for first and second degree murder. He acknowledged that he understood the information given him and still entered

his pleas. This contention is without merit.

█ Appellant next contends that the trial court did not have a factual basis for acceptance of the plea of guilty to the charge of murder in the first degree. The trial court asked movant what had led to the charge. Movant stated: "Well, I met Conley at the Old Colony Bar on Troost Avenue, and from there we went to his home, where I attempted to rob him. He resisted and I strangled him [with an electric cord]. * * * I assumed he was dead [when I left]." At the hearing on the 27.26 motion, the transcript of the proceedings at the plea of guilty was read to movant and he stated that the answers he gave were correct. The factual basis of the plea clearly appears and movant's contention is without merit. The record of the sentencing shows complete compliance with Supreme Court Rule 25.04, V.A.M.R.

█ Movant's final contention on this issue is that his pleas "were the result of coercion, duress, maltreatment and threats directed toward him by arresting officers and by Jackson County jail personnel." The only evidence in support of the contention was vague testimony of appellant that at the time of his arrest he was told that if he didn't plead guilty he would get the gas chamber and that at the jail he was told: "Boy, you are a pretty dangerous character, and you are going to the gas chamber if you don't get down and cough out." Movant also complains of his solitary confinement and the actions of the jailer in using mace and tranquilizers to restrain him when he created a disturbance on April 1.

The trial court found that the claimed threats by police and jail personnel did not occur. On the conflicting testimony before it, the officers having denied the threats, this finding is not clearly erroneous.

█ The claim of maltreatment is related to the solitary confinement and treatment of movant when he created the dis-

turbance on April 1. The trial court found that the pleas were not influenced by these factors. The finding is not clearly erroneous.

There is no merit in the first point of appellant's appeal.

 As to the second point of ineffective assistance of counsel, the contention is that counsel failed to file a motion to suppress objects obtained from defendant's apartment in a search at the time of his arrest and that counsel failed to advise him of the consequences of a plea of guilty to murder in the second degree. On the latter issue, the record clearly showed that, prior to the entry of his plea, movant was advised of the range of punishment for murder in the second degree. He acknowledged that he understood the advice and, with knowledge of the range of punishment, asked the court to accept his plea. On the record, there is no basis for a charge of ineffective assistance of counsel on this basis.

On the failure to file a motion to suppress evidence seized upon the arrest of movant, the arresting officers testified that movant told them, when they asked whether they could enter his apartment, "Yes, step on in. Anything you want, you can have." The trial court's finding that such consent eliminated any grounds for a motion to suppress, based upon the evidence, is not clearly erroneous. Moreover, in view of the movant's pleas of guilty, the evidence which movant says should have been suppressed was not used against him and had no part in the pleas. Therefore, there is no basis for a claim of inadequate assistance of counsel on this ground. Robinson v. State, Mo.Sup., 454 S.W.2d 930, 932[3–5]; Bracy v. State, Mo.Sup., 456 S. W.2d 302, 306[4].

Appellant's second point is without merit.

As appellant's third point, he contends that at the time of entry of his plea of guilty to the charge of murder in the second degree, there was no information on file in the Jackson County Circuit Court charging that offense and, therefore, the trial court had no jurisdiction to accept a plea of guilty to that charge.

Without resort to the evidence as to whether or not an information had been filed, charging murder in the second degree, the fact is that an indictment charging murder in the first degree had been filed. Such indictment included the lesser offense of murder in the second degree and gave the court jurisdiction to accept a plea to that offense. Dickson v. State, Mo.Sup., 449 S.W.2d 576, 578–579[3]. This point is without merit.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.