Howard HAYES, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26731.

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

Larry O. Denny, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

PER CURIAM:

This is an appeal from the denial of a motion to vacate judgment and sentence under Rule 27.26, V.A.M.R. Appellant was charged by indictment with first degree murder. He entered a plea of guilty to murder in the second degree and he was subsequently sentenced to imprisonment for a term of fifty years. An evidentiary hearing was held pursuant to the post-conviction motion, and the trial judge denied appellant relief.

Two points are raised on appeal. First, appellant contends that the court erred in refusing to set aside his guilty plea because it was entered without any valid criminal charge on file. The appellant calls attention to the fact that immediately before he entered his plea the assistant prosecuting attorney sought, and was granted, leave to amend the indictment by striking the word "deliberately" for the avowed purpose of altering the charge from first degree murder to second degree murder. The appellant does not maintain that the indictment as returned by the grand jury defectively charges first degree murder nor does he contend that the language of the indictment as amended constitutes an improper charge of second degree murder. Rather, he argues that the court is without power to amend an indictment in any way, and the effect of the amendment was to nullify the indictment.

■ Of course, a plea of guilty entered voluntarily is conclusive of guilt and waives all non-jurisdictional defects in the prior proceedings. Geren v. State, 473 S. W.2d 704 (Mo.1971). State v. Brown, 449 S.W.2d 664 (Mo.1970) [4]. Nevertheless, a guilty plea without a prior valid indictment or information charging the offense cannot stand since the existence of a valid charge is jurisdictional. Montgomery v. State, 454 S.W.2d 571 (Mo.1970) [1]. State v. Gladies, 484 S.W.2d 261 (Mo.1972).

■ Generally, in the absence of an enabling statute the court has no power to amend an indictment returned by a grand jury, at least with regard to matters of substance. See: Power of Court to Make or Permit Amendment of Indictment, 17 A.L.R.3d 1181, § 7. While at common law an information could be amended by leave of court, an indictment was found upon the oath of the grand jury and could be amended only by the body that returned it. State v. Holbert, 399 S.W.2d 142 (Mo. App.1966) [3]. Thus, in the Holbert case the court held an amendment to the indictment which added a vital allegation to the charge was ineffective to cure the deficiency, and the conviction on the amended charge was reversed.

However, the holding in the Holbert case is readily distinguishable from the case at bar. In Holbert the court simply refused to allow the inclusion of an essential allegation by amendment. Here, there is no contention that the original charge was deficient in any particular; the error claimed is in the fact that amendment was permitted.

The rule that an indictment is inviolable after it has been returned by the grand jury has never been followed in this state. Although no Missouri statute expressly provides the authority for a court to amend an indictment, our criminal statute of jeofails [§ 545.030 RSMo 1969, V.A.M. S.] has been construed as authorizing the amendment of an indictment with respect to matters falling within its purview. State v. Hoyt, 324 Mo. 837, 24 S.W.2d 981 (1929). In the Hoyt decision, the court refused to convict the trial court of error for amending an indictment charging First Degree Robbery by striking certain allega-

tions of prior felony convictions which were included by the grand jury as an attempt to subject the defendant to punishment under the Habitual Criminal Act. Support for this result was drawn from the section in the statute of jeofails to the effect that no indictment shall be held insufficient "[f]or any surplusage or repugnant allegation, where there is sufficient matter alleged to indict the crime and the person charged." § 545.030, subd. 1(14) RSMo 1969, V.A.M.S. Because the indictment was sufficient to charge robbery in the first degree with or without the allegation of prior felony convictions, the court reasoned that it was immaterial whether the reference to those convictions was stricken by the court or simply ignored at trial.

In addition, the court in *Hoyt* held that if the amendment authorized by the court was error, it was error committed to the defendant's advantage; the defendant could not be heard to complain of nonprejudicial defects in the indictment. Again, to support the result the court looked to the statute of jeofails which provides that no indictment shall be deemed invalid: "[f]or any error committed at the instance or in favor of the defendant; nor . . . [f]or any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." § 545.030, subd. 1(16) and (18) RSMo 1969, V.A.M.S.

■ The amendment in the instance case was an attempt by the prosecutor to reduce the murder charge from first degree to second degree by striking the reference to deliberation in the indictment. Of course, the court could have accepted a plea of guilty to the charge of second degree murder notwithstanding the fact that

the defendant was charged with first degree murder and absent any amendment in the indictment. Dickson v. State, 449 S.W.2d 576 (Mo.1970) [3]. Cavallaro v. State, 465 S.W.2d 635 (Mo.1971) [9]. Because the amendment in this instance caused a reduction in the charge to Second degree murder, a lesser included offense, it is immaterial whether the reduction resulted from the prosecutor striking language in the indictment or by his acquiesence in the defendant's decision to plead guilty to the lesser charge. Furthermore, it appears that decisions in other jurisdictions support the view that a conviction will not be set aside because an indictment has been amended to change the charge returned by a grand jury to a lesser offense included therein.[1]

■ Finally, the act of striking the reference to deliberation in this case could have resulted in no discernible prejudice to the defendant. By definition, all legal and factual averments necessary to sustain a conviction for a lesser included offense must also be elements of the greater offense. State v. Amsden, 299 S.W.2d 498 (Mo.1957). State v. Friedman, 398 S.W.2d 37 (Mo.App.1965) [4]. Therefore, the defendant may not complain that the amendment forced him to meet new issues or prepare additional defenses. Rather, the only effect the alteration of the indictment could have had in this instance was to enhance the defendant's position. He will not, therefore, be heard to complain of alleged error committed to his advantage. State v. Hoyt, supra. The appellant's first point affords him no relief.

■ Secondly, the appellant contends that the trial court erred in refusing to allow withdrawal of the plea of guilty because it was not entered knowingly, intelli-

---

1. See 17 A.L.R.3d 1181, § 17 for decisions upholding the courts power to amend an indictment to charge a lesser included offense although no divergent theories. Some courts hold that such an amendment is a matter of form and, thus, authorized by statute. Others rely on the lack of prejudice to defendant for allowing alteration to charge a lesser included offense, and still others couch their holding in the implied assent of the grand jury to the lesser charge having returned an indictment of the greater crime. See also contra decisions annotated from New York.

gently, understandingly or unequivocally and because no factual basis for the plea was developed at trial. Review of the transcript of the plea proceedings discloses that the appellant was represented by appointed counsel who had advised him thoroughly of the consequences of his plea including the waiver of several constitutional rights, the right to a jury trial and the range of punishment that could be imposed by the court. The appellant repeatedly assured the court that he knew what he was doing by entering a plea of guilty, and he admitted the decision to so plead was "voluntary in every sense." The appellant does not contend on appeal that his plea was involuntary because it was entered under any misapprehension or mistaken belief. Neither does he assert that he was unaware of any right or defense which was waived by the plea. Rather, he argues that the admissions he made at trial concerning his involvement in the crime for which he was charged were insufficient to establish a factual basis for the plea, and as a consequence the acceptance of the plea constituted a denial of due process of law.

■ First, the proposition that express admission of guilt is required by the constitution as a necessary constituent of a voluntary plea of guilty is ill-founded. So long as the plea represents a voluntary choice of alternatives, it is irrelevant that the defendant cannot recall the events of the crime or even that he persists in maintaining his innocence. Meeks v. State, 484 S.W.2d 167 (Mo.1972). North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). However, where the defendant does admit sufficient facts to constitute a crime it is said these admissions preclude the withdrawal of the plea on the grounds that it was entered without an understanding of the nature of the charge. Jones v. State, 471 S.W.2d 223 (Mo.1971)

[4]. Carter v. State, 472 S.W.2d 370 (Mo.1971) [2].

■ Secondly, it appears from the record that the appellant did make sufficient admissions of fact prior to the acceptance of the plea to constitute the crime of second degree murder. When asked to relate the details of the crime, the appellant admitted that he was one of three armed individuals who entered the Safeway Store and undertook a robbery. He admitted that a man was killed during the course of the robbery although he claimed he did not personally do the killing.

■ It is proper for the state to charge principals and accessories all as principals in an indictment where the common law distinctions between principals and accessories has been abrogated by statute. § 556.170 RSMo 1969, V.A.M.S. State v. Spica, 389 S.W.2d 35 (Mo.1965) [1–4]. State v. Lunsford, 331 S.W.2d 538 (Mo. 1960) [4]. Therefore, the appellant was properly charged in the indictment with "killing" even where the facts demonstrate that he participated in the robbery but did not personally do the killing. Dickson v. State, 449 S.W.2d 576 (Mo.1970) [5]. Furthermore, it is proper for the court to accept a plea of guilty to second degree murder by a defendant who stands charged of first degree murder even where the facts indicate a crime committed during the perpetration of a robbery. Dickson v. State, supra.

■ The trial court found that the appellant had entered his plea voluntarily and that the requirements of S.Ct. Rule 25.04, V.A.M.R., were followed in accepting it. These findings are not clearly erroneous, and the appellant's second point is, therefore, denied. S.Ct. Rule 27.26(j).

The judgment of the trial court denying appellant's motion under S.Ct. Rule 27.26 is affirmed.