Raymond J. BOOTHE, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD27736.

Missouri Court of Appeals, Kansas City District.

Feb. 9, 1976.

Motion for Rehearing and/or Transfer Denied March 3, 1976.

Lawrence F. Gepford, Jeffery L. Alena, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

This appeal is from a denial of a motion to vacate judgment and sentence under Rule 27.26. The defendant was accused by separate indictments with two acts of first degree murder. The indictments were in conventional form and clearly sufficient. On the motion of the defendant the two causes were consolidated for trial, but over his objection the indictments were amended by the phrases: "or during the commission of a burglary" and "either alone or knowingly acting in concert with others." The jury assessed the death penalty on each charge; on appeal the convictions were affirmed and the sentences commuted to life imprisonment. *State v. Boothe*, 485 S.W.2d 11 (Mo. banc 1972).

The post-conviction motion asserted five separate grounds for relief, each denied by the trial court after evidentiary hearing. On this appeal all have been abandoned except for the contention that the amendments to the indictments rendered them unlawful, deprived the trial court of jurisdiction of the causes and invalidated the convictions. The precise contention is that the terms added to the indictments altered the offenses from first degree murder to felony-murder, thus enabled the State to establish guilt by a reduced quantum of evidence, and resulted in substantial amendment without authority of statute or rule.

As a general principle of law, in the absence of a statute or rule which enables, the court may not make or permit amendment of an indictment. *State v. Holbert*, 399 S.W.2d 142, 144[3]. The reason, of ancient origin, is that indictments [contradistinct from informations] are found upon the oath of a jury and ought be amended only by them. *Rex v. Wilkes*, 4 Burr 2527, 2569, 98 Eng.Rep.Reprint 351 (1770). It was in reliance on this principle that *Holbert* held that, although a prosecutor could properly substitute an information for an indictment under Rule 24.02, he could not correct a fatally defective indictment merely by the

addition of an essential element originally lacking.

Our decisions, however, do not regard an indictment as altogether inviolable after return by the grand jury, but in the manner authorized by the criminal statute of jeofails [§ 545.030 RSMo 1969] allow amendment of form which does not prejudice the substantial rights of the accused. Hayes v. State, 501 S.W.2d 508, 510[3, 4] (Mo.App. 1973); State v. Hoyt, 324 Mo. 837, 24 S.W.2d 981 (1929). *Hayes* affirmed a plea of guilty under an indictment for first degree murder from which *deliberately* had been deleted. Against the contention that the amendment worked a qualitatively different charge, the court determined that murder second degree as an included offense of murder first degree could have been proved under the original indictment and therefore, in terms of jeofails, was an "imperfection which [did] not tend to the prejudice of the substantial rights of the defendant upon the merits." *Hoyt* allowed stricken from an indictment two of the four allegations of prior felony convictions included by the grand jury for enhancement of punishment. The court refused to invalidate the indictment which otherwise properly stated the principal offense as well as former convictions for enhancement of punishment. The court rejected the contention that the amendment violated the oath of the grand jury and considered the stricken matter as surplusage under the provision of jeofails [§ 545.030 1(14)] that no indictment shall be held insufficient "for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and the person charged."

 The appellant does not deny that the indictments fairly charged murder in the first degree but only that the amendments to statutory felony-murder changed the substance of the grand jury accusations against him and thus invalidated the convictions. The law does not consider, however, statutory murder [under § 559.010 as then in effect] a distinct offense but only one means of committing murder in the

first degree. State v. Jewell, 473 S.W.2d 734, 738[1, 4] (Mo.1971). Thus, an accusation which charges murder first degree in the common form allows proof of statutory felony-murder. *State v. Jenkins*, 494 S.W.2d 14, 17[1] (Mo.1973). The amendments did nothing more than further specify the proof the State intended to make, just as though the defendant had been granted a bill of particulars under Rule 24.03. They worked no prejudice to the defendant but rather facilitated the confrontation of issues already implicit in the indictment as originally stated.

In like manner, the addition to the grand jury accusations of "either alone or knowingly acting in concert with others" merely described the mode of proof and did not change the offense.

We conclude that the amendments were authorized by the criminal statute of jeofails, thus the complaint on this appeal is without merit.

The judgment is affirmed.