STATE of Missouri,
Plaintiff-Respondent,

v.

Franklin PARKER a/k/a Corcky,
Defendant-Appellant.

No. 43358.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

Joseph W. Downey, Erica Leisenring, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robt. Otto, Kristie Green, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

REINHARD, Judge.

Defendant was convicted of robbery first degree, a violation of § 569.020 RSMo 1978. He was sentenced as a dangerous offender to a term of twenty-five years with the Department of Corrections. §§ 558.016; 558.021 RSMo 1978. On appeal, defendant contends the trial court erred in allowing the State to amend the indictment after conviction to accurately state the date of the defendant's prior felony conviction. We affirm.

Defendant was charged with first degree robbery on December 12, 1979. The indictment also charged defendant as a dangerous offender, having been previously convicted of first degree robbery on June 6, 1976. At the sentencing hearing, the State orally requested leave to amend the indictment to change the date of defendant's prior felony conviction from June 6, 1976 to June 8, 1976. Over defendant's objection, the court permitted the State to amend the indictment by interlineation. After the State presented evidence that defendant had been convicted of robbery first degree on June 8, 1976, defendant was sentenced to a term of twenty-five years.

Defendant argues that there is no statutory provision or rule for amending an indictment after conviction and consequently the extended sentence defendant received should be reversed.

 As a general principle of law, in the absence of a statute or rule, the court may not permit amendment of an indictment. *Boothe v. State*, 534 S.W.2d 74 (Mo.App. 1976). Although there is no Missouri statute expressly providing authority for amendment of an indictment, our Statute of Jeofails, § 545.030 RSMo 1978, has been construed to allow amendment with "respect to matters fully within its purview." *Hayes v. State*, 501 S.W.2d 508, 510 (Mo. App.1973). Among the provisions of the statute are:

1. No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected:

\* \* \* \* \* \*

(6) For stating the time imperfectly; nor

\* \* \* \* \* \*

(18) For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

There was no prejudice to defendant. Here, the date of the conviction stated in the indictment was changed two days from June 6, 1976 to June 8, 1976. The indictment contained the dangerous offender allegation before the verdict was rendered so that the defendant had notice of the charge. The variance between the two dates could only prejudice defendant if he were misled in the preparation of his defense. *State v. Franklin*, 547 S.W.2d 849, 851 (Mo.App.1977). This is clearly not the case because defendant admitted at the sentencing hearing that he had been convicted of first degree robbery. The statute cured the defect in the indictment, whether the state amended the indictment to allege the correct date or not. *State v. Hoyt*, 24 S.W.2d 981, 983 (Mo.App.1929); *State v. Garner*, 538 S.W.2d 937, 942 (Mo.App.1976).

Affirmed.

CRIST, P. J., and SNYDER, J., concur.