Dennis C. FULSOM, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31534.

Missouri Court of Appeals, Western District.

Nov. 24, 1981.

250

James Glover, III, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

In October 1974, Dennis C. Fulsom was convicted of murder in the first degree under Section 559.010, RSMo 1969. That conviction was affirmed in *State v. Fulsom*, 534 S.W.2d 72 (Mo.App.1976).

Thereafter, Fulsom moved to set aside the conviction under Rule 27.26, and the motion was denied without evidentiary hearing. That ruling was reversed in *Fulsom v. State*, 573 S.W.2d 116 (Mo.App.1978) on the ground that the trial judge should have granted a recusal. On remand a change of judge was granted, an evidentia-

ry hearing was held, findings and conclusions of law were made and the motion was denied. From that denial, Fulsom appeals. We affirm.

I.

Fulsom's first point on appeal relates to the testimony of witness McCollum. The murder in issue occurred on March 11, 1974, at 35th and Spruce in Kansas City, Missouri. McCollum lived in the area. He testified that at about 6:00 or 6:30 p. m. on March 11, which was near the time of the murder and when it was just beginning to get dark, he saw a blue Maverick driving down the street from the north, make a U-turn at 35th and Spruce, and then park at the curb. A young black male got out of the passenger side of the automobile and walked west. McCollum was approximately 100 feet away and had a side view of this young man. Over objections by the defense, McCollum was permitted to describe the person and the clothing of the person he saw at that time and place. McCollum was not asked to and did not identify Fulsom as the individual whom he saw on that occasion.

In a preliminary proceeding, the court heard Fulsom's motion to suppress both a pretrial identification and also any in-court identification by McCollum of Fulsom as the man whom he saw at 35th and Spruce. The court sustained that motion because of overly suggestive tactics which had been used by the police in obtaining the pretrial identification.

Fulsom now argues that not only should the pretrial and in-court identifications have been prohibited, but that in addition the physical description given by McCollum should have been excluded. He argues in his brief that: "Even though the witness did not point to the defendant in court, the description of his physical features was tantamount to an identification . . . The testimony given by said witness at the trial concerning the physical features of the defendant was too related to the tainted pretrial identification to be admitted into court."

Fulsom has not supplied this court with McCollum's testimony as part of the record on appeal in this case, nor has he set forth that testimony in his brief, nor has he even cited page references to the trial transcript where McCollum's description of Fulsom appears. On the other hand, the Attorney General has set forth in the state's brief a summary of McCollum's testimony and a portion of his cross-examination from which it appears that McCollum gave an early description to the police of the man he saw which did not differ significantly from the description which he gave in open court, and that the early description was given by McCollum prior to the occurrence of the police tactics which caused the trial court to exclude the identification testimony. Fulsom has filed a reply brief, but that reply brief in no way challenges the accuracy of those portions of the state's brief.

Fulsom's constitutional rights were vindicated by the suppression of the identification testimony. The bare description, without identification of Fulsom specifically, rested upon McCollum's own personal observation and was independent of the overzealous suggestions made to him by the police. Fulsom has shown no reason to exclude that description from evidence.

## II.

Fulsom's second point complains of the trial court's failure to instruct on murder second degree and manslaughter. The requirements upon a trial court at the time of Fulsom's trial in 1974 with respect to instructing on lesser types of homicide were defined by the MAI–CR in effect March 1, 1975. See MAI–CR2d 15.00, page 15–4. The MAI–CR then in effect with respect to the present situation was 6.19 and was subject to the Notes on Use which appeared following MAI–CR 6.02. Caveat a which appeared as part of those notes read as follows: "Where *felony-murder* either in the first or second degree is the *only* murder submitted (that is, when conventional murder under MAI–CR 6.02 or 6.06 is not submitted) the above rules will not be applied, so that lesser offense instructions will

not be given *automatically.* Ordinarily, where there is sufficient evidence to warrant the giving of a felony-murder instruction, there will be no evidence to support the submission of a lesser offense. Under such circumstances only felony-murder will be submitted . . . [I]n the absence of evidence to justify it a lesser offense instruction should not be given where felony-murder alone is submitted [citation omitted]." (Italics in the original).

██ Fulsom claims that the evidence in this case did justify the submission of the lesser offenses. We do not agree. The salient facts of this case are set out in the opinion on direct appeal, *State v. Fulsom, supra.* Those facts showed only a felony-murder and would not support a finding of either second degree murder or manslaughter. Therefore ńo error was committed in not submitting instructions relating to those lesser offenses. *State v. Ford,* 495 S.W.2d 408 (Mo. banc 1973); *State v. Moore,* 575 S.W.2d 253 (Mo.App.1978); *Jackson v. State,* 558 S.W.2d 816 (Mo.App. 1977).

In any event, the failure to give such instructions would constitute at most mere trial error which would not be cognizable as part of a post conviction proceeding under Rule 27.26. *Jackson v. State, supra; Edwards v. State,* 535 S.W.2d 124 (Mo.App. 1976).

## III.

██ For his third point, Fulsom urges that he received ineffective assistance of counsel because his trial attorney did not object to the substitution on the day of trial of an amended information in lieu of the original indictment. The amendment in question consisted solely of adding the words "either acting alone or knowingly in concert with others." Rule 24.02 in effect at the time of Fulsom's trial, (now replaced by Rule 23.08) provided that an information might be substituted for an indictment at any time before verdict "if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." An amendment like the one

252

made here was held proper under the above rule in *Boothe v. State*, 534 S.W.2d 74 (Mo. App.1976).

Since an objection on this ground would have been unavailing, the failure to make such objection cannot constitute ineffective assistance of counsel. *Brown v. State*, 589 S.W.2d 368 (Mo.App.1979).

### IV.

■ For his fourth and final point, Fulsom complains that the crime submitted to the jury was different from that alleged. The original indictment and the information substituted in lieu thereof both alleged that Fulsom "did then and there unlawfully, wilfully, feloniously, premeditatedly and deliberately and of his malice aforethought, make an assault in and upon one Claude Green with a dangerous and deadly weapon, . . . then and there inflicting upon the said Claude Green a mortal wound . . ." The state's verdict-directing instruction, following MAI–CR 6.19, directed the jury to find defendant guilty "of murder in the first degree in connection with an attempt to rob" if they found beyond a reasonable doubt that Fulsom caused the death of Claude Green by shooting him and that he did so in attempting to rob Claude Green.

This procedure of charging first degree murder in common form and then instructing with respect to felony murder was recognized practice under the statute in effect at the time of Fulsom's trial. Thus *State v. Granberry*, 484 S.W.2d 295, l.c. 300 (Mo.banc 1972) states: "It is well established in this state that a person may be prosecuted by information or indictment for willfull, deliberate and premeditated murder as defined in Section 559.010, V.A.M.S., and that the requirements of proof may be satisfied by proof of murder committed during the course of a felony." To like effect: *Boothe v. State, supra*.

Fulsom cited and relies heavily upon *Watson v. Jago*, 558 F.2d 330 (6th Cir. 1977). That case is not in point because it was based upon Ohio law under which felony murder constituted a different crime from common form murder and under

which a conviction for felony murder could not be sustained under an indictment charging common form first degree murder. As already discussed, Missouri law at the time of Fulsom's trial was to the contrary.

The findings, conclusions and judgment of the trial court not being clearly erroneous, the judgment is affirmed. Rule 27.-26(j).

All concur.