STATE of Missouri,
Plaintiff–Respondent,

v.

Wallace MUHAMMAD,
Defendant–Appellant.

No. 52428.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 19, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 1988.

Application to Transfer Denied
Oct. 18, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of second degree murder and the sentence of twenty years based upon the jury's recommendation. We affirm.

The victim, Torrell Cannamore, was the fifteen year old neighbor of defendant who was forty-eight years old. On the day of the killing Torrell had an argument with defendant's son, Rassoull, then twelve. Torrell accused Rassoull of having reported to a school bus driver that Torrell had thrown a brick at the bus. Torrell followed Rassoull home kicking him on the heels as he walked. Shortly thereafter Rassoull was transported by a friend of defendant to a location nearby where defendant was selling jewelry. In addition to that occupation, defendant was also a security guard and had in his possession a pistol which he used in that work. After Rassoull arrived, defendant left his jewelry stand for home in his automobile leaving Rassoull at the stand. While on the way home he saw Torrell with two friends and drove his car up on the sidewalk near the boys. He then struck Torrell several times in the head with his fist. Torrell was less than five feet nine inches tall and weighed approximately 135 pounds. Defendant was six feet two and weighed 225. Torrell broke free and ran home. Defendant followed him and stood outside Torrell's home holding his gun. Torrell stayed briefly in the house and then exited heading for defendant's home across the street. By then defendant had parked his car near his gate and had exited the vehicle. Torrell and defendant continued arguing and Torrell picked up a piece of brick and either struck defendant with it or threw it and hit defendant. Defendant grabbed Torrell and shot him one time in the neck, severing the carotid artery causing Torrell to bleed to death. The shooting was witnessed by Torrell's mother and brother. Torrell was crying from the time of the first assault until the shooting.

Defendant admitted the shooting. He admitted that he initially stopped the victim and that an argument ensued during which he struck the victim, but this was in retaliation for Torrell picking up a brick and tearing defendant's shirt. Defendant testified that he returned to his home and Torrell came out to continue the argument. Defendant told him to go away, Torrell advanced on him, struck him with the brick; defendant went blank and shot Torrell. Defendant advances no claim that the evidence is insufficient to support the conviction.

■ Defendant first contends that the prosecutor utilized his peremptory challenges to remove blacks from the jury. It is difficult to see what reason the prosecutor would have to remove blacks from the jury as the defendant, the victim, and all witnesses to the occurrences were black. The eventual composition of the jury was eight whites and four blacks. In *State v. Crump*, 747 S.W.2d 193 (Mo.App.1988) and *State v. Vincent*, 755 S.W.2d 400 (Mo.App. E.D.1988) we held that a defendant lacks standing to raise an equal protection claim under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) where the jury selected has a racial composition comparable to the one here. Defendant's first point is denied.

■ The next contention of defendant is that the trial court erred in unduly restricting his voir dire examination of the veniremen as it pertained to self-defense. Counsel is allowed reasonable latitude in the examination of prospective jurors but there are limits to the scope of permissible examination. *State v. Norton*, 681 S.W.2d 497 (Mo.App.1984) [1–3]. The discretion of the trial court to control the nature and extent of questions counsel may pose to the panel will be disturbed on appeal only when a manifest abuse has been shown. *Id.; State v. Lumsden*, 589 S.W.2d 226 (Mo. banc 1979) [6, 7]. A defendant has the right to discover whether prospective jurors have fixed opinions against applying the law of self-defense. *State v. Brown,*

547 S.W.2d 797 (Mo. banc 1977) [1–4]. The court here allowed extensive questioning by the defendant on the subject of self-defense and the veniremen's ability and willingness to apply that law as it would be given by the court. It sustained objections only when counsel ventured into specific fact scenarios the answers to which arguably constituted obtaining a commitment from the veniremen of their decision of the case. Such restraint is permissible and we find no abuse of the court's discretion.

■ Defendant also premises error on the court's refusal to give a proferred instruction on the "false appearances" doctrine of self-defense. The instruction came from MAI–CR2d 2.41.1 para. 5. The false appearances doctrine justifies a person acting in self-defense on the basis of appearances even if those appearances later turn out to be false. *State v. Minnis*, 486 S.W. 2d 280 (Mo.1972) [1, 2].

■ Defendant premises his contention on his testimony that he believed when Torrell reentered his home he may have obtained a gun and that when the fatal confrontation occurred Torrell had his hand in his pocket and this made defendant believe Torrell had a gun in his pocket. The difficulty with defendant's contention is that his testimony throughout was that he shot Torrell because Torrell hit him with a brick. He warned Torrell when Torrell picked up the brick, "If you hit me with that brick I will hurt you." He admitted telling police officers that "He hit me with a brick so I shot him." In his direct examination he stated he was in a daze when he shot Torrell and did not remember pulling the trigger. He never testified that the shooting occurred because of some perceived future harm from a gun. That defendant believed Torrell had a gun was not, by defendant's own admission, the reason he shot Torrell. There was no error in refusing the proferred instruction.

Finally, defendant contends that the court erred in failing to include in the self-defense instruction paragraph 3 of MAI–CR2d 2.41.1 dealing with withdrawal from the encounter by an initial aggressor. This matter was not raised at trial nor in the motion for new trial and so has not been preserved for appellate review. *State v. Moore*, 711 S.W.2d 533 (Mo.App.1986) [7, 8]. We can review this contention only on the basis that it constitutes plain error resulting in manifest injustice.

■ One who is an aggressor or who provoked the difficulty in which he killed another cannot invoke the right of self-defense to justify the homicide unless he has withdrawn from the combat in such a manner to have shown his intention in good faith to desist. *State v. Pride*, 567 S.W.2d 426 (Mo.App.1978) [3, 4]. This withdrawal must be sufficient to be perceived as such by the adversary and is more than mere retreat. *State v. Mayberry*, 360 Mo. 35, 226 S.W.2d 725 (1950) [1]. There was much evidence that defendant was the initial aggressor in the continuing encounter with Torrell. The only evidence to support such an instruction was that defendant stated to Torrell just before he was hit by the brick "Go on, go on, leave me alone." This statement alone is insufficient to support a withdrawal instruction as it does not bring home to the adversary that defendant was withdrawing from the encounter and abandoning the combat particularly when followed by the statement that if Torrell hit him with the brick he would hurt Torrell. We find no error in the instruction given and certainly no manifest injustice arising from the failure to include the withdrawal paragraph.

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.