**STATE of Missouri, Respondent,**

v.

**James C. CARTER, Appellant.**

**No. WD 40509.**

Missouri Court of Appeals,
Western District.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1989.

Sean D. O'Brien, Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, James C. Carter, appeals his convictions of robbery in the first degree, armed criminal action and burglary in the first degree for which he was sentenced to concurrent terms of twenty years, five years, and five years' imprisonment, respectively.

Appellant does not challenge the sufficiency of the evidence and a general recitation of the facts supporting appellant's convictions is not necessary for purposes of this appeal.

In his first point on appeal, appellant argues that the trial court abused its discretion by sustaining the state's objection to the following question by defense counsel of the venire panel during voir dire:

"My question is this: Is there anyone here that has the opinion that a person remembers more, recalls more, when they are under a stressful situation? Does everyone understand my question? I'll repeat it. People have different opinions about whether people can recall more, remember more when they are under a stressful situation. I want to know if there is anyone among you that believes a person can remember more when he is under a stressful situation."

Appellant argues he should have been allowed liberal latitude in regard to this question and that the trial court abused its discretion in sustaining the state's objection. In regard to this point, the record reflects that the victim's testimony, as to facts which support appellant's convictions, relates to an incident which was clearly stressful for the victim.

"The trial court exercises considerable discretion in the supervision of voir dire", *State v. Weimer*, 658 S.W.2d 77, 79 (Mo.App.1983), *citing*, *State v. Lumsden*, 589 S.W.2d 226, 229 (Mo. banc 1979), *cert. denied*, 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980), "and the exercise of discretion will not be disturbed on appeal unless the record shows a manifest abuse of discretion." *State v. Mudgett*, 531 S.W.2d 275, 276 (Mo. banc 1975), *cert. denied*, 426 U.S. 910, 96 S.Ct. 2234, 48 L.Ed.2d 835 (1976). Rulings of the trial court during voir dire will be disturbed on appeal only when the record shows an abuse of discretion and a real probability of injury to the complaining party. *State v. Smith*, 649 S.W.2d 417, 428 (Mo. banc 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983).

In the case at bar, after the state objected to defense counsel's question, the court made the following statement in sustaining the state's objection:

"Well, I think you've got the jury totally confused. They are all looking at each other and obviously—they are raising their hands—and I don't think they can answer the questions properly so I'll sustain the objection."

The trial judge observed that the venire panel was confused and properly exercised his discretion in sustaining the state's objection. Appellant is not able to show any real probability of injury by the objection being sustained. Point one is denied.

In his second point on appeal, appellant argues that the trial court erred in overrul-

ing his objection to the state filing a second amended information on the morning of the first day of trial. The second amended information added to the original information, on all three counts, the phrase, "either acting alone or knowingly in concert with another". Appellant argues that the second amended information prejudiced him because neither of the two prior informations contained the above quoted language and, therefore, the amendment came without notice after all pre-trial investigation and preparation based upon the two informations previously filed.

The facts relevant to this issue are the following: On October 5, 1987, the state filed an information in lieu of indictment in the Circuit Court of Jackson County, Missouri charging appellant with Count I, robbery first degree; Count II, armed criminal action; and Count III, burglary first degree. On October 6, 1987, appellant was arraigned. On January 25, 1988, a First Amended Information was filed charging appellant as a prior offender. The court granted leave to file this First Amended Information. Also, on January 25, 1988, the state filed a Second Amended Information. As previously stated, this information added to the original information the charge of complicity through the added phrase "either acting alone or knowingly in concert with another...." Appellant's counsel objected to this Second Amended Information being filed on the day of trial, in that he had completed all his investigation and preparation for trial based on the original and first amended information. Appellant's counsel further stated, however, that he had received the second amended information on the 22nd day of January, three days before trial. The court granted leave to file the Second Amended Information.

■ An information may be properly amended prior to entry of a verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced. Rule 23.08. *State v. Hughes*, 702 S.W.2d 864,

868 (Mo.App.1985); *State v. Aston*, 412 S.W.2d 175, 182 (Mo.1967). An amendment consisting solely of adding the words "either acting alone or knowingly in concert with others", is a proper substitute for an indictment any time before verdict if no additional or different offense is charged and the defendant is not denied due process. *Fulsom v. State*, 625 S.W.2d 249, 251–52 (Mo.App.1981); *Boothe v. State*, 534 S.W.2d 74, 76 (Mo.App.1976), *cert. denied*, 429 U.S. 1077, 97 S.Ct. 819, 50 L.Ed.2d 796 (1977).

There was no additional or different offense charged against appellant by the state's second amended information adding the phrase "either acting alone or knowingly in concert with another", to all three counts charged against appellant and appellant's rights were not thereby prejudiced. Point two is denied.

The judgment of the trial court is affirmed.

All concur.