**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Hurley WILLIAMS,
Defendant/Appellant.**

**Hurley WILLIAMS, Plaintiff/Appellant,**

v.

**STATE of Missouri,
Defendant/Respondent.**

Nos. 53874, 56165.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 2, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 6, 1990.

Application to Transfer Denied
March 13, 1990.

**310**

William J. Shaw, Public Defender, Douglas D. Koski, Asst. Public Defender, Clayton, Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

This is a consolidated appeal from appellant's jury conviction of assault in the first degree, RSMo. § 565.050 (1986) and the denial of appellant's motion to vacate his 30 year sentence pursuant to Rule 29.15. We affirm.

From the evidence adduced at trial, the jury could have found the following facts. On August 8, 1985, Barbara Johnson, the victim, was sitting on her porch at 6303 Hobart in St. Louis County talking to her neighbor, Fletcher Brassell. Appellant appeared whereupon he and the victim, with whom he had previously lived, began discussing a debt appellant felt he was owed. Mr. Brassell started across the street toward his home. Ms. Johnson then got up and began to follow Mr. Brassell. While she was crossing the street, appellant came up behind her and cut her on the neck with a knife. Ms. Johnson began running and yelled for Mr. Brassell to call the police. Appellant caught up with Ms. Johnson on the opposite side of the street and tried to attack her again. This time Ms. Johnson was able to knock appellant down and retrieve the knife, and she then fled to Mr. Brassell's house. Mr. Brassell did not see the first attack as his back was turned. Nor did he observe Ms. Johnson obtain possession of the knife as he was trying to get to the telephone to call the police. As appellant followed Ms. Johnson into the house, Mr. Brassell heard him say "give me my knife or something like that...." Another tussle ensued as Mr. Brassell got them apart. Mr. Brassell saw that Ms. Johnson had possession of the knife at that time and that she was bleeding from a laceration on her neck. When the police arrived appellant broke away from Mr. Brassell and ran. He was not apprehended by the police until after Ms. Johnson had been taken to the hospital.

Just one week prior to this incident, appellant and Ms. Johnson were involved in a similar altercation in the City of St. Louis. On that occasion the victim suffered a five-inch laceration on her neck and a two-inch laceration on her arm. The neck wound required several stitches, and hypertrophic scars remained. Appellant was convicted of assault in the first degree as a result of that attack, which we upheld on appeal. *State v. Williams*, 740 S.W.2d 244 (Mo. App.1987).

Appellant contends the evidence was insufficient to support a conviction of first degree assault. In reviewing this point, we are guided by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which establishes that in challenges to the sufficiency of the evidence the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. (emphasis in original). We therefore accept the State's evidence as true, resolving reasonable inferences in favor of the State and disregarding evidence and inferences to the contrary. *State v. Gardner*, 741 S.W.2d 1, 9 (Mo. banc 1987); *cert. den.* 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988). With this in mind we scrutinize the evidence adduced at trial.

█ The gist of appellant's challenge to the sufficiency of the evidence is his contention the State failed to prove he attempted to kill or knowingly cause serious physical injury to Ms. Johnson. Viewing the facts in the light of the principles set forth above clearly shows appellant's contention to be meritless. Direct proof of mental state is rarely available and must usually be inferred from the circumstances surrounding the assault. *State v. Brown*, 660 S.W.2d 694, 699 (Mo. banc 1983); *State v. Jones*, 716 S.W.2d 315, 319 (Mo.App. 1986). To infer that one who by means of a knife inflicts a three inch laceration upon the neck of a fleeing woman intended to kill or cause serious physical injury does not require speculation or conjecture, especially in view of the similar episode which occurred one week before. Despite the description of the laceration in the hospital record as "superficial," because of keloid formation of the scar tissue, the wound resulted in serious disfigurement, hence, a serious physical injury. § 556.061(26) RSMo.1986.

Appellant next contends the trial court erred in refusing to give an instruction on assault third degree, RSMo. § 565.070 (1986) a lesser included offense of assault first degree. Instructing down is required pursuant to RSMo. § 556.046.1 (1986), but only if the evidence provides *both* a basis for a verdict acquitting of the greater offense and convicting of the lesser. RSMo. § 556.046.2 (1986). The court must resolve all doubts in favor of instructing down. *State v. Dorsey*, 724 S.W.2d 610, 611 (Mo. App.1986).

Appellant contends the criteria of § 556.046.2 are met by Fletcher Brassell's testimony. Mr. Brassell testified he did not see the altercation in the street. He only observed the scuffle between appellant and Ms. Johnson that took place in his home while he was calling the police. It was at that time he saw a bleeding cut on Ms. Johnson's neck and the knife in her hand. Appellant claims this gives rise to a reasonable inference that Ms. Johnson's injury was a reckless result of that scuffle.

█ Appellant's argument would require drawing an inference of affirmative fact, that fact being he recklessly or with criminal negligence cut Ms. Johnson with a knife during the scuffle inside the house, from Mr. Brassell's negative testimony that he had not observed the bleeding cut on her neck until that scuffle ensued. Appellant overlooks Mr. Brassell's testimony that his back was turned during the altercation in the street and that he was trying to get to the telephone when the indoor scuffle began. No inference arises from one's failure to see what one never looked at. Moreover, Mr. Brassell's testimony, upon which appellant relies for support of his submitted instruction on assault in the third degree, establishes the appellant could not have cut Ms. Johnson with a

knife in the house, either intentionally, recklessly, or with criminal negligence. Mr. Brassell said that as appellant entered the house he was demanding that Ms. Johnson return his knife and that she retained possession of the knife until after the scuffle was over. Mere disbelief of the State's evidence may be a sufficient basis for acquitting a defendant of the charged offense. However, "[e]ven if the jury were to 'disbelieve some of the evidence of the State, or decline to draw some or all of the permissible inferences, (this) does not entitle the defendant to an instruction otherwise unsupported by the evidence, on the issue ...' " of reckless assault as submitted by defendant. *State v. Olson*, 636 S.W.2d 318, 321 (Mo. banc 1982), quoting from *State v. Achter*, 448 S.W.2d 898, 900 (Mo.1970). The fact that Mr. Brassell did not observe the bleeding until the scuffle inside the house does not constitute probative evidence requiring an instruction on assault in the third degree. Point denied.

■ Appellant next argues the trial court erred in allowing into evidence testimony and photographs concerning appellant's assault of the victim one week prior to the assault in issue here. Evidence of prior crimes is inadmissible unless it tends to show (1) motive, (2) intent, (3) absence of mistake or accident (4) common plan or scheme, or (5) identity. *State v. Kenley*, 693 S.W.2d 79, 81 (Mo. banc 1985), *cert den.* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900 (1986). While acknowledging this, appellant goes on to assert that none of the exceptions apply and at any rate the evidence's prejudicial effect outweighed its probative value. We disagree. The evidence of the prior attack, which was not remote in time, was relevant to show appellant's animus towards Ms. Johnson and his intent to inflict injury. *See State v. Wright*, 735 S.W.2d 137, 140 (Mo.App. 1987). The trial court is in the best position to evaluate the potential prejudicial effect of evidence, *State v. Kenley*, 693 S.W.2d at 81, and the decision is within the trial court's discretion. *State v. Bannister*, 680 S.W.2d 141, 147 (Mo. banc 1984), *cert. den.* 471 U.S. 1009, 105 S.Ct. 1879, 85

L.Ed.2d 170 (1985). We find no abuse of that discretion. Point denied.

Appellant's fourth claim is that the trial court erred in refusing to allow cross-examination of the victim and direct examination of a defense witness relating to the victim's supposed aggressive and violent behavior. Appellant contends such evidence would have shown that the victim was the initial aggressor in the assault.

When self-defense is asserted, evidence of a victim's reputation for violence is generally admissible to show who was the aggressor. *State v. Arney*, 731 S.W.2d 36, 40 (Mo.App.1987). Specific acts of violence by the victim are admissible when the acts are directed toward the defendant. *Id.* Here, appellant attempted to elicit testimony from Pearline Williams, his wife, concerning specific instances of past disputes between Mrs. Williams and Ms. Johnson. One alleged dispute involved Ms. Johnson assaulting Mrs. Williams, and the other involved Mrs. Williams allegedly breaking the windows of Ms. Johnson's house.

■ Appellant urges in his reply brief that we abandon the rule limiting evidence of the victim's character to reputation evidence. More specifically, he asserts the evidence is probative, the episodes are significant, and the trial court can control the number of specific acts presented. Appellant's argument overlooks the fact that the acts sought to be introduced into evidence were between the victim and a *third person*, not appellant. It is firmly established in Missouri that a victim's reputation for violence simply cannot be proven by evidence of specific acts of violence against persons other than the defendant. *State v. Christie*, 604 S.W.2d 806, 810 (Mo.App. 1980). We decline appellant's invitation to alter this maxim. Point denied.

Appellant's fifth claim centers on the State's closing argument. He alleges error in the trial court's refusal to grant a mistrial after the following colloquy:

MR. LARNER: Just be proud of your verdict. If you read about an incident like this in the newspaper, about how a jury acquitted someone under facts like this, you would be furious.

MR. KOSKI: Your Honor—

THE COURT: Sustained.

MR. KOSKI: I'm going to ask that the jury be instructed to disregard it.

THE COURT: The jury's instructed to disregard it.

MR. KOSKI: I request a mistrial.

THE COURT: Overruled.

Declaration of a mistrial is a drastic remedy, only to be used in extraordinary circumstances. *State v. Sidebottom*, 753 S.W.2d 915, 919 (Mo. banc 1988), *cert. den.* — U.S. ——, 109 S.Ct. 515, 102 L.Ed.2d 550 (1989). The trial court is in the best position to evaluate any prejudicial effect of prosecutorial argument, and has broad discretion in controlling arguments of counsel. *State v. Wren*, 643 S.W.2d 800, 802 (Mo.1983). "A conviction will be reversed for improper argument only if it is established the complained of comments had a decisive effect on the jury's determination." *State v. Harp*, 680 S.W.2d 297, 300 (Mo.App.1984).

■ The prosecutor's comment here was not grossly inflammatory. Appellant asked for and received a jury admonition regarding the comment. Because jury admonition usually cures prejudicial effects of prosecutorial comments, *State v. Wren*, 643 S.W.2d at 802, because no decisive effect has been established, and because of a mistrial's drastic nature, we find no error in the trial court's refusal to grant such relief. Point denied.

Appellant's final claim on direct appeal is a challenge to the jury on the basis the prosecutor used his peremptory strikes in a racially discriminatory manner contrary to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Appellant is black. The prosecutor exercised four of his six peremptory strikes to remove blacks from the panel. The petit jury consisted of five blacks and seven whites, and the alternates were both black.

It is hard to understand what advantage the prosecutor in this case would gain by discriminatorily removing blacks from the jury because appellant, the victim, and all the witnesses were black. *See State v.*

*Muhammad,* 757 S.W.2d 641, 642 (Mo.App. 1988). The jury, as constituted, undercuts any inference of impermissible discrimination. *State v. Griffin*, 756 S.W.2d 475, 482 (Mo. banc 1988); *State v. Vincent*, 755 S.W.2d 400, 401 (Mo.App.1988), *cert. den.* — U.S. ——, 109 S.Ct. 3155, 104 L.Ed.2d 1019 (1989); *State v. Finch*, 758 S.W.2d 166, 168 (Mo.App.1988). In *State v. Crump*, 747 S.W.2d 193, 196 (Mo.App. 1988), this court held a black defendant "cannot complain that he was denied equal protection of the law when he is tried by a jury which is forty-two percent black," even though the prosecutor utilized all six peremptory strikes to remove blacks from the venire. Similarly, in *State v. Vincent*, 755 S.W.2d at 400, we held that a black defendant lacks standing to assert an equal protection violation when tried by a·jury consisting of seven whites and five blacks even though the prosecutor had used all of his challenges to remove six black veniremen and one alternate venireman. The well-reasoned opinion in *Vincent*, authored by the Honorable Gerald M. Smith, concludes:

> It appears to us that the overriding purpose of Batson is to assure the defendant that he will not be tried by a non-representative jury from which his race has been purposefully and discriminatorily removed. This is not to say that a Batson challenge cannot be invoked if there is a member of defendant's race on the jury for we do not conceive Batson to be a justification for tokenism. Nor do we preclude the possibility that a defendant with a jury reasonably approximating the racial composition of the venire may be able to establish, nevertheless, that the prosecution strikes prejudiced him. In this case neither tokenism nor prejudice has been claimed or shown. Under these facts we are unable to find that defendant has standing to raise a Batson challenge.

*Vincent* at 403. *Accord State v. Muhammad, supra.*

■ This conclusion is even more appropriate here where the prosecutor did not use all his peremptory challenges to strike black veniremen thus further undercutting

any inference of impermissible discrimination. Moreover, we also note the trial court specifically accepted the State's reasons for its strikes as race neutral, and we find no abuse of discretion in this regard. Point denied.

We now address appellant's appeal from the denial of his Rule 29.15 motion after a hearing. Appellant asserts he received ineffective assistance of counsel in that his trial attorney (1) failed to object to the admission of photographs and other evidence of the alleged victim's injuries resulting from the prior assault as evidence of other crimes, (2) tainted the jury with evidence of appellant's conviction and sentence regarding the first assault during cross-examination of the alleged victim despite the fact that appellant did not testify at trial, (3) failed to offer an instruction for second degree assault as there was supporting evidence for such an instruction and the range of punishment was less than that for first degree assault, (4) failed to present to the court the proper verdict director form for third degree assault, (5) failed to object to the grand jury indictment on the ground it subjected appellant to double jeopardy, and (6) stipulated medical records into evidence without appellant's knowledge or agreement, thereby depriving appellant of his opportunity to confront and cross examine the witnesses.

Review of a Rule 29.15 motion for postconviction relief is limited to determining whether the findings and conclusions below were clearly erroneous. *Stubenrouch v. State*, 752 S.W.2d 327 (Mo.App.1988). The findings and conclusions below are regarded as clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression a mistake had been made. *Williams v. State*, 760 S.W.2d 200, 201 (Mo.App.1988). To prevail on a claim of ineffective assistance of counsel, appellant must satisfy a two-prong test. First, appellant must show his attorney failed to provide reasonably competent assistance and second, counsel's defective performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Appellant faces the additional hurdle of overcoming the strong presumption that counsel's conduct falls within the wide range of professionally reasonable trial strategy. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695; *Davis v. State*, 761 S.W.2d 636 (Mo.App.1988).

■ Appellant's first two allegations relate to his prior assault on Ms. Johnson. We note at the outset that appellant's trial attorney did indeed object to admission of a photograph taken of the victim after the first assault. Appellant's trial attorney testified at the hearing on the motion that when his objections to the photographs were overruled, he decided to engender sympathy for his client by showing that he had already been punished and that the second assault was comparatively minor. Decisions concerning cross-examination are left in almost every case to the judgment of counsel. *Williams v. State*, 712 S.W.2d 404, 409 (Mo.App.1986). We find no abuse of discretion in the motion court's finding that counsel's actions were legitimate trial strategy.

■ Appellant's next two allegations concern instructions. We have held above that appellant was not entitled to an instruction on assault in the third degree and, therefore, regardless of the propriety of the form of the submitted instruction, appellant suffered no prejudice. The record of the Rule 29.15 hearing reflects that appellant and his trial counsel discussed the advisability of submitting the assault second degree instruction. Counsel explained that the jury might not believe that appellant had attempted to kill or cause serious physical injury and therefore acquit him on the first degree assault charge. However, given the option of first and second degree the jury was most likely to find him guilty of one or the other. Since both were felonies and appellant was a prior and persistent offender, the court would impose the punishment in either case so that the end result would probably not be materially different whether the jury found him guilty of first or second degree assault. Counsel testified "it was an outside shot that he was going to be acquitted but there was a better chance that he was going to be acquitted altogether if there

was no assault second instruction than if there was one." Counsel informed his client of the options and of the consequences of each. Appellant then made the ultimate decision to "go for broke."

The decision not to request a lesser-offense instruction is one frequently made as a matter of trial strategy for the reason expressed by trial counsel in this case. *See State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982). A strategic trial decision generally does not provide a foundation for a finding of ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d 856, 858 (Mo. banc 1987); *Stubenrouch v. State*, 752 S.W.2d 327, 328 (Mo.App.1988). Furthermore, after being fully informed by trial counsel, appellant made the decision to "go for broke." He is in no position to claim ineffective assistance where he himself took the gamble and lost. *State v. Harris*, 774 S.W.2d 487, 494 (Mo.App.1989).

Appellant's fifth allegation is trial counsel's failure to object to the grand jury indictment on double jeopardy grounds. Appellant's brief fails to disclose the basis for this contention. At any rate, we find no ineffective assistance of counsel in failing to object on grounds which are utterly devoid of merit. *See Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

█ For his sixth and final allegation, appellant contends that trial counsel's request to the State to stipulate as to the authenticity of the victim's medical records denied him the right to confront and cross-examine witnesses. Trial counsel testified at the hearing that he wished to introduce the records to show the victim's injuries from the second assault were minor. The motion court found this was trial strategy, and we agree.

The judgment of conviction and the denial of the Rule 29.15 motion are affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.