**STATE of Missouri, Respondent,**

v.

**Reginald AKINS, Appellant.**

**Reginald AKINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 56260, 59855.**

Missouri Court of Appeals, Eastern District, Division Four.

March 31, 1992.

Henry Robertson, Kathleen G. Green, Emily Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his jury conviction of second degree felony murder, robbery in the first degree, and tampering with a motor vehicle. He was sentenced by the court as a class X offender to twenty-five years for the murder, twenty consecutive years for the robbery, and five concurrent years for the tampering offense. Defendant also appeals from the denial of his post-conviction motion pursuant to Rule 29.15 charging ineffective assistance of counsel. We affirm.

No claim is made that the evidence was insufficient to support the convictions. The victim, Eddie Perry, was sixty-five years old and suffered from a serious heart ailment rendering him unable to work. Linda Cummings would engage in sexual activities for compensation with Perry several times a week while Perry's wife was at work. On January 11, 1988, Cummings, accompanied by defendant, went to Perry's home with the intention of robbing him. When Perry opened the door to receive Cummings defendant pushed his way into the home and struggled with Perry. He subdued Perry and bound and gagged him. Defendant ransacked the home and left with Cummings carrying a rifle and a television set. They departed the neighborhood in Perry's automobile. Both were arrested on suspicion of burglary shortly after the robbery while they were carrying the rifle and television set. Subsequently Mrs. Perry found her husband dead in the home, still bound and gagged. Cause of death was determined to be a heart attack triggered by the stress of the robbery. The involvement of defendant and Cummings in the death was quickly determined.

On direct appeal defendant raises three contentions of error, one of which he raises *pro se*. He raises one contention of error on his post-conviction motion. His first claim of error is that the trial court erred in failing to give a tendered instruction on the lesser included offense of involuntary manslaughter. This is premised upon the theory that because the testimony indicated no intent to kill and no knowledge of Perry's precarious health that the conduct of defendant could be found to be reckless thereby supporting an involuntary manslaughter instruction. The only murder instruction given was a felony murder instruction. To warrant the giving of an instruction on a lesser included offense there must be a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. *State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982) [1–4]. Conviction for second degree felony murder does not require any intent to kill. It requires a showing that death occurred as a result of perpetration or at-

tempted perpetration of a felony. *State v. Davis,* 797 S.W.2d 560 (Mo.App.1990) [4, 5]. In the typical situation where evidence supports the instruction for felony murder there will be no evidence to support a lesser offense. *Fulsom v. State,* 625 S.W.2d 249 (Mo.App.1981) [l.c.251]. The evidence here was that Perry died as a result of the perpetration of a felony. There was no evidence to support an acquittal on that charge and a conviction for involuntary manslaughter. The court did not err in refusing the tendered instruction.

Defendant attacks the reasonable doubt instruction on a basis frequently raised and consistently denied. The point is without merit. *State v. Griffin,* 818 S.W.2d 278 (Mo. banc 1991) [7].

█ Linda Cummings testified pursuant to a plea bargain conditioned upon her testifying against defendant. In exchange for that testimony the robbery charge and the tampering charge pending against her were dropped and she was promised a fifteen year sentence on the murder charge. On direct examination by the state the plea bargain was revealed to the jury. It was subsequently the subject of extensive cross-examination by defendant designed to cause the jury to reject Cummings testimony. Defendant premises plain error on the court allowing direct examination of that subject. While a conviction or guilty plea of a co-defendant cannot be used as substantive evidence against the other co-defendant, the prosecutor may disclose any plea agreements or promises during direct examination in anticipation of impeachment during cross-examination. *State v. Borden,* 605 S.W.2d 88 (Mo. banc 1980) [2]. The examination here met the criteria for such disclosure. We find no error.

█ Defendant's challenge to the post-conviction motion ruling is without merit. The failure of counsel to obtain the testimony of certain impeachment witnesses is fully explained by inability to find some of them, and as a trial strategy to prevent the jury from becoming aware of defendant's earlier efforts to sell a different TV set and his involvement with a drug house. We

find neither ineffective assistance of counsel nor prejudice from counsel's actions.

Judgments affirmed.

KAROHL and AHRENS, JJ., concur.